**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RICHARD JACKSON,** | ) | **CASE NO.1:06CV2802** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **BAXTER INTERNATIONAL, INC., dba** | ) | **OPINION AND ORDER** |
| **BAXTER HEALTHCARE CORP.** | ) | |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendant Baxter International, Inc., dba Baxter Healthcare Corp.'s, ("Baxter") Motion for Summary Judgment (ECF# 16).  For the following reasons, the Court grants Defendant's Motion.

**FACTS**

Plaintiff Richard Jackson ("Jackson") was an employee of Defendant Baxter International, Inc., dba Baxter Healthcare Corporation ("Baxter"). There is an apparent factual dispute over the length of time Plaintiff was an employee of Baxter.  Plaintiff claims he has been employed by Baxter since 1989 while Defendant claims Plaintiff was an employee since 1998.

1

Plaintiff was a Sales Representative selling, installing and servicing electronic intravenous pumps to hospitals.  On March 11, 2005, Plaintiff requested, and was granted, medical leave and was approved for short and long term disability benefits through Baxter's disability carrier.

It is also undisputed that Baxter maintained a Family and Medical Leave Policy which contained the following provision:

> An employee may be granted up to twenty-eight weeks of short term disability leave ("STD") if the employee is unable to perform the essential functions of the employee's job because of a disabling medical condition. All STD leaves shall run concurrently with any FMLA leave taken under this policy . . . An employee who fails to return to work after a maximum allowable STD and/or FMLA leave will be terminated if they cannot return to work with or without reasonable accommodation.

The twenty-eight week period  expired on September 23, 2005.  On May 27, 2005, Plaintiff, through prior counsel, sent a letter to the Chairman and Chief Executive Officer of Baxter, outlining a history of alleged discriminatory treatment and harassment suffered by Plaintiff during his time of employment with Baxter.  The letter discussed a list of settlement requirements including promotion, front and back pay, lost commissions and emotional distress damages, and development of a plan to prevent future discrimination of minorities, assurances that Baxter would not retaliate and attorney fees.

On June 21, 2005, Baxter, through its Assistant General Counsel, delivered a response to Jackson's attorney denying any wrongdoing or knowledge of wrongdoing.  Furthermore, Baxter noted Plaintiff had never raised any issues of discriminatory treatment based on race throughout his career at Baxter even though some of the alleged discrimination occurred ten years prior.  On August 22, 2005, Jackson's counsel sent a settlement proposal to Baxter. (This letter was not offered as evidence).  On August 24, 2005, Baxter sent a letter to Jackson informing him that his

twenty-eight week leave period was ending on September 23, 2005 and there was no guaranty of job restoration once that period ended.  Baxter's letter urged Jackson to contact Baxter to discuss possible accommodations which would permit Jackson to return to work.  It also suggested Jackson consult with his physician about a return to work date with any restrictions and then contact Baxter to discuss accommodation or other open positions.  On September 13, 2005, Baxter, through its Assistant General Counsel, informed Jackson's attorney Jackson's settlement proposal was unacceptable and discussed Baxter's confidence in its legal position relative to Jackson's Title VII claims.  It informed Jackson his leave period would expire on September 22, 2005, and stated Baxter's desire that Jackson return to work.  It concluded with the statement, "[w]hile it is our desire that Mr. Jackson return to his position at Baxter before his job restoration rights expire, the choice is his."  It is undisputed Jackson never contacted Baxter about possible accommodations or a date of return prior to the expiration of his twenty-eight week leave period.

On October 27, 2005, Baxter terminated Jackson's employment because the job restoration period expired and Baxter had not received a response from Jackson.  The termination was made effective September 23, 2005.  Jackson testified in deposition his physician sent disability certificates to Baxter's insurer prior to the September 23, 2005 expiration date.  Neither the disability certificates nor their contents were produced as evidence and Jackson could not verify the certificates were ever provided to Baxter.

On October 16, 2006, Jackson filed a Complaint in the Cuyahoga County Court of Common Pleas, alleging discrimination based on race in violation of Ohio and federal law, unlawful retaliation in violation of Ohio and federal law and unlawful discrimination and retaliation in violation of Ohio Public Policy.  On November 20, 2006, Defendant removed the

3

case to this Court.  Plaintiff has subsequently abandoned his claims of discrimination based on race under Ohio and federal law and unlawful discrimination and retaliation in violation of Ohio Public Policy.  Therefore, Plaintiff's only remaining claims are unlawful retaliation under Ohio and federal law.

## STANDARD OF REVIEW

In accordance with Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *LaPointe v. United Autoworkers Local 600*, 8 F.3d 376, 378 (6th Cir. 1993).  The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex,* 477 U.S. at 323.  A fact is material only if its resolution might affect the outcome of the lawsuit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party pursuant to Federal Rule of Civil Procedure 56(e), which provides:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

4

In ruling upon the motion, the court must afford all reasonable inferences and construe the evidence in the light most favorable to the nonmoving party. *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995); *United States v. Hodges X-Ray, Inc.*, 759 F.2d 557, 562 (6th Cir. 1985). However, summary judgment should be granted if the party bearing the burden of proof at trial does not establish an essential element of its case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. 317).

## RETALIATION

Title VII prohibits an employer from retaliating against an employee who has opposed discriminatory conduct or made " a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a). A plaintiff-employee may establish a prima facie case of discrimination either by presenting direct evidence of intentional discrimination by the defendant, or by providing circumstantial evidence which creates an inference of discrimination. *DiCarlo v. Potter*, 358 F. 3d 408, 414 (6th Cir. 2004). "Mere personal belief, conjecture and speculation are insufficient to support an inference of ... discrimination." *Woythal v. Tex-Tenn Corp.*, 112 F. 3d 243, 247 (6th Cir. 1997).

Plaintiff does not assert direct evidence of discriminatory retaliation. Rather, Plaintiff discusses the evidence presented under the *McDonnell/Burdine* burden shifting analysis.

In the absence of direct evidence of discriminatory retaliation, the Court will apply the burden-shifting analysis announced by the United States Supreme Court in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792, 802 (1973), *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 252-53, (1981). Once an employee-plaintiff makes a prima facie showing of retaliation, the burden "shifts to the defendant 'to articulate some legitimate, nondiscriminatory

5

reason'" for the employer's conduct.  *Id*.  If the defendant carries this burden, "the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination."  *Id.* "The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff."  *Id*.

**Prima facie elements**

An employee-plaintiff may establish a prima facie case of retaliation by demonstrating (1) she engaged in an activity protected by Title VII; (2) the defendant knew she exercised her rights; (3) the defendant took an employment action against the plaintiff that a reasonable employee would have found materially adverse; and (4) there was a causal connection between the protected activity and the adverse employment action.  *Burlington N. & Santa Fe Rwy. Co. v. White*, 126 S.Ct. 2405, 2415 (2006); *DiCarlo*, 358 F. 3d at 420.  Plaintiff need not prove his case by a preponderance of evidence at the prima facie stage.  *Singfield v. Akron Metropolitan Housing Authority, et al.*, 389 F. 3d 555, 563 (6th Cir. 2004).  "[T]he burden of establishing a prima facie retaliation case is easily met."  *Id*.

The parties do not dispute Plaintiff satisfies the first three elements of a prima facie case for unlawful retaliation.  Plaintiff was an employee whose complaint of discrimination was a protected activity.  Since the letter outlining the alleged discrimination based on race was sent and acknowledged as received by Baxter there is no question Baxter knew of Plaintiff's engaging in a protected activity.  Baxter's termination of Plaintiff is an adverse employment action. The parties do dispute the fourth element that there must be a causal connection between the protected activity and the adverse employment action.

6

"Although no one factor is dispositive in establishing a causal connection, evidence ... that the adverse action was taken shortly after the plaintiff's exercise of protected rights is relevant to causation."  *Nguyen v. City of Cleveland*, 229 F. 3d 559, 563 (6th Cir. 2000).  "Proof of temporal proximity between the protected activity and the adverse employment action, 'coupled with other indicia of retaliatory conduct,' may give rise to a finding of a causal connection." *Dixon v. Gonzales,* 481 F.3d 324, 333-334 (6th Cir.2007), quoting *Randolph v. Ohio Dep't of Youth Servs.,* 453 F.3d 724, 737 (6th Cir.2006) ( "although temporal proximity itself is insufficient to find a causal connection, a temporal connection coupled with other indicia of retaliatory conduct may be sufficient to support a finding of a causal connection").  The Sixth Circuit has found that in certain limited circumstances, temporal proximity alone may be sufficient to infer causation between the protected activity and the adverse employment action though the temporal proximity must be very close.  See *Asmo v. Keane,* 471 F.3d 588, 593 (6th Cir.2006) (two months between Plaintiffs pregnancy and termination, as part of reduction-in-force, was sufficient evidence to infer retaliation absent other indicia); *DiCarlo v. Potter,* 358 F.3d 408, 421 (6th Cir.2004) ( "this Circuit has embraced the premise that in certain distinct cases where the temporal proximity between the protected activity and the adverse employment action is *acutely near in time,* that close proximity is deemed indirect evidence such as to permit an inference of retaliation to arise"). (emphasis added).  The United States Supreme Court has also weighed in on the close proximity of the protected activity and adverse employment action. *Clark County School District v. Breeden,* 532 U.S. 268, 273 (2001) ( finding Courts that permit the inference of causality in retaliation claims without other indicia of retaliation require the temporal proximity of the protected activity and the adverse employment action be "very close.")

7

Furthermore the Sixth Circuit has repeatedly found the causal connection element satisfied where the temporal proximity of the adverse employment action coupled with other indicia of retaliation was within months or less of the protected activity. *See, e.g., Randolph at* 737, (holding causation was established where plaintiff was placed on leave the same month she complained about workplace sexual assaults and was terminated six months later); *Singfield v. Akron Metro. Hous. Auth.,* 389 F.3d 555, 563 (6th Cir.2004) (three months sufficient); *DiCarlo v. Potter,* 358 F.3d 408, 421-22 (6th Cir.2004) (three weeks sufficient). However, the Sixth Circuit has consistently determined temporal proximity beyond three months, absent some further indicia of retaliation was insufficient to infer causation.  *Hafford v. Seidner,* 183 F.3d 506, 515 (6th Cir.1999) (two to five months insufficient) *Cooper v. City of North Olmsted,* 795 F.2d 1265, 1272 (6th Cir.1986) ( four months was insufficient to support an inference of retaliation).

Plaintiff's initial letter to Baxter complaining of racially discriminatory and harassing conduct was sent May 27,  2005.  Plaintiff was terminated on October 27, 2005, five months after Plaintiff first alleged discrimination.  Pursuant to *Hafford v. Seider* and *Cooper v. City of North Olmsted,* absent any additional indicia of retaliatory motive, Plaintiff's termination was not sufficiently proximate, in time, to the adverse employment action to support an inference of wrongful retaliation.

Plaintiff contends his October termination was a mere two months after the August 22, 2005, settlement letter from his counsel to Baxter, making his termination sufficiently proximate to his protected activity to infer improper retaliation.  However, since the August 22, 2005 letter was not provided to the Court, its contents can only be deduced from the response given by

8

Baxter in its letter to Plaintiff's counsel dated September13, 2005, in which it is clear the letter was a settlement demand. Plaintiff has offered no case law to support his position that a settlement demand for previously alleged discriminatory acts is a protected activity that triggers the running of the clock for temporal proximity analysis in a retaliation claim. In fact, this Court has previously refused to consider as protected activity the withdrawal of a settlement demand. See *Lentz v. City of Cleveland,* 410 F. Supp.2d 673, 693 n.9 (N.D. Ohio 2006). Therefore, the Court finds the May 27, 2005 letter is the protected activity trigger for its causation analysis. Because the May 27, 2005 letter was sent five months prior to Plaintiff's termination, the Court finds it was not temporally proximate so as to infer improper retaliation absent other indicia.

Plaintiff contends the contents of his letter to Baxter of May 27, 2005, provide additional indicia of retaliation, as it outlined a history of alleged discriminatory and harassing conduct at Baxter.

Defendant contends the letter is not evidence of retaliation because Plaintiff has abandoned his claims of discrimination and never raised a claim of harassment. Also, none of the alleged discrimination occurred in 2005.

This Court has before it, the following undisputed evidence:

1)     Baxter has a racially neutral medical leave policy that permits twenty-eight weeks for a medical leave of absence. That policy explicitly states, "An employee who fails to return to work after a maximum allowable STD and/or FMLA leave will be terminated if they cannot return to work with or without reasonable accommodation."

2)     Plaintiff took a medical leave of absence starting March 11, 2005.

9

3)      Plaintiff and Plaintiff's counsel were notified in letters dated August 24, 2005 and September 13, 2005, that Defendant was awaiting his return to work but he must contact Defendant to discuss accommodation.

4)      Plaintiff never contacted Defendant and never returned to work within the twenty-eight week period.

5)      Defendant has uniformly applied this provision and has terminated twelve other employees pursuant to the leave policy.  Of those twelve, only one was African-American.

6)      Jim Weidner, the supervisor responsible for the decision to terminate Plaintiff's employment, was not the source of any of Plaintiff's complaints as outlined in Plaintiff's May 27, 2005 letter.

7)      Jim Weidner testified Plaintiff's discrimination claims were not a factor in the decision to terminate his employment.

8)      As of November 2007, Plaintiff is still unable to say when he would be able to return to work at Baxter.

9)      Though Plaintiff's medical leave expired on September 23, 2005, Baxter gave Plaintiff an additional thirty days to return to work.

The Court finds Plaintiff's allegations of past discrimination and harassment are not indicia of retaliation.  The Plaintiff can point to no evidence of wrongful retaliation after he sent the May 27, 2005 letter.  The only contact between the parties was apparently by letter and those letters do not evidence any retaliatory animus on the part of Defendant.  Plaintiff's allegations were investigated by Defendant.  The evidence demonstrates Plaintiff could have returned to his

10

position even after filing the May 27, 2005 letter, therefore, Plaintiff has failed to demonstrate other indicia of retaliation.

The evidence is clear Plaintiff was terminated pursuant to Baxter's racially neutral and uniformly applied medical leave policy.  Plaintiff was "on-the-clock" nearly two months prior to his engaging in protected activity.  After he complained of the alleged discriminatory treatment to Defendant, Defendant repeatedly told Plaintiff his position was still available.  Defendant made it clear Plaintiff's continued employment was dependent on his compliance with the medical leave policy.  Plaintiff failed to respond to repeated requests to contact Defendant to discuss accommodation.  Furthermore, Plaintiff points to no evidence he was unable to respond to Defendant's requests for information and accommodation.  The undisputed evidence before this Court indicates Baxter acted consistent with its policy and terminated Plaintiff's employment consistent with the way it had treated other employees who violated the policy, regardless of race. Plaintiff's obligation to comply with Defendant's medical leave policy is not tolled, nor eliminated, by Plaintiff's counsel's letter sent to Defendant during Plaintiff's leave and does not place Plaintiff in any different posture or position relative to any other employee who did not engage in protected activity.  Plaintiff's continued employment was in his own hands and he refused to act to save it.

Therefore, because Plaintiff's protected activity was not sufficiently proximate in time to the adverse employment action, and because Plaintiff has failed to provide additional indicia of retaliation, the Court finds Plaintiff has failed to make a prima facie showing of unlawful retaliation and  grants Defendant's Motion for Summary Judgment on Plaintiff's remaining claim of unlawful retaliation.

Because Plaintiff's claim for retaliation under Ohio law is analyzed under the same standard as his federal claim, the Court finds Plaintiff has failed to satisfy his burden, and accordingly, grants summary judgment for Defendant on the state retaliation claim. *Green v. St. Elizabeth Hospital Medical Center*, No. 96-4308, 1998 WL 13410 at *5 (6th Cir. Jan. 7, 1998), *quoting Neely v. Franklin Cty. Aud.*, 97 Ohio App. 3d 771; *Laderach v. U-Haul of N.W. Ohio*, 207 F. 3d 825, 828 (6th Cir. 2000).

IT IS SO ORDERED.

  December 18, 2007                    s/Christopher A. Boyko
Date                              CHRISTOPHER A. BOYKO
                                  United States District Judge